## DICKEY v. COMER.

There was no error in sustaining the demurrer to the petition.

DECEMBER 13, 1912.

Complaint. Before Judge Rawlings. Screven superior court. November term, 1911.

John W. Dickey brought suit on April 25, 1911, in Screven superior court, against E. T. Comer, alleging that the defendant had failed to comply with his obligations under the contract hereinbelow set forth, and praying for an accounting.

"Georgia, Chatham County. This agreement made between John W. Dickey, of Chatham County, Georgia, and E. T. Comer, of Macon, Georgia, witnesseth: That said Dickey has this day transferred and assigned to the said Comer his option-contract, with all his rights thereunder, from R. C. Neely, bearing date of October 10th, 1904, and covering that certain plantation situate and being in Burke and Screven Counties, Georgia, consisting of sixteen thousand three hundred (16,300) acres, known as the Mill Haven Plantation, more fully described in that deed from the Mill Haven Co. to the said Neely, bearing date the said' 10th day of October, 1904. The said E. T. Comer is to pay to the said John W. Dickey eighty-six thousand ($86,000) dollars for the said plantation and the rights hereinafter mentioned, upon the delivery to the said E. T. Comer of a warranty deed from the said Neely, conveying to the said E. T. Comer a clear and unencumbered title to the said property. Six thousand ($6,000) dollars of the said amount are to cover the claim which the said Neely may have for the expenses incurred by him in improving the said place, and the said Dickey guarantees to the said Comer that the amount to be paid for the said expenses in improving the said place is not to exceed six thousand ($6,000) dollars. The said Dickey is to pay as much as five hundred ($500) dollars on account of expenses, in the event that there is any litigation with the said Neely on account of claim for improvements. It is further agreed, that, as part of this contract and covered by the said consideration hereinbefore mentioned, the said Dickey shall convey to the said Comer the timber, railroad, and all other rights of the Mill Haven Company in the said property, of which company the said Dickey is the sole stockholder and owner. In witness whereof the said two parties to these presents have duly signed and sealed the same in

duplicate, this the 30th day of September, 1905." (Executed by the parties under seal and in the presence of a notary public.)

The instrument referred to as an option-contract transferred and assigned by Dickey to Comer was as follows:

"Whereas Mill Haven Company has bargained and sold to· the undersigned a certain 16,300 acres in Screven and Burke Counties, Georgia, as more fully described in the deed of even date herewith: Now this memorandum witnesseth that it was and is a part of the terms of said bargain and sale that I will, at any time within 12 months of the date of said deed, resell to John W. Dickey or his assigns, at his option, the premises conveyed to me as aforesaid, upon said John W. Dickey paying to me the sum of $70,000 and such additional sum as will cover all expenses which may be incurred by said R. C. Neely in improving said place; to fulfill which agreement I hereby bind myself and my heirs to the said John W. Dickey. This October 10, 1904. R. C. Neely."

The following were the paragraphs of the petition setting forth the grounds of complaint: "5th. At the time of the assignment of the contract between the said Neely and petitioner to defendant, a difference existed between said Dickey and said Neely. as to the expenses incurred by the latter in improving the real estate referred to, and at the time of the assignment to the said Comer the latter knew of the existence of said difference. 6th. Thereafter the said E. T. Comer, as assignee of said option-contract, secured a conveyance from the said R. C. Neely of the aforesaid plantation and had an adjustment with said Neely upon his claim for expenses in improving the place. 7th. Your petitioner further shows that the said R. C. Neely had no legitimate claim, under the contract hereinbefore referred to, . . to be paid, on account of expenses in improving the realty, more than six thousand dollars. 8th. The said E. T. Comer was in duty bound, under the terms of assignment, not voluntarily to pay to the said R. C. Neely more than six thousand dollars on account of expenses in improving the place, and was under a duty and obligation to your petitioner to resist any claim for payment of a greater sum, it being in contemplation of the assignment hereinbefore referred to that litigation should be resorted to to resist any unjust claim upon the part of the said R. C. Neely, your petitioner agreeing to contribute as much as five hundred dollars to the expense of such

·litigation. 9th. Your petitioner further shows, that while the contract of assignment aforesaid provided for the payment to petitioner of the sum of eighty-six thousand dollars, it was understood that the said sum was to be paid by paying over to R. C. Neely seventy thousand dollars on account of the purchase-money and not exceeding six thousand dollars on account of expenses of improving the real estate, and the remainder of ten thousand dollars to petitioner; but, though often requested so to do, the defendant has failed and refused to make any such payment, claiming that the amount he had to pay the said R. C. Neely consumed nearly, if not all, of the eighty-six thousand dollars provided for under the contract of assignment, leaving only a few hundred dollars due petitioner." The plaintiff, after alleging that the defendant is indebted to him in the sum of ten thousand dollars or other large sum, prays for a full accounting of the amounts paid by the defendant to R. C. Neely in connection with acquiring the property, and that petitioner have judgment against defendant for such amount as may be found due him after said accounting.

The defendant demurred generally and specially to the petition, and the court sustained the demurrer. To this ruling the plaintiff excepted.

*J. W. Overstreet* and *J. D. Kilpatrick,* for plaintiff.

*Adams & Adams,* for defendant.

BECK, J. (After stating the facts.) The court below properly sustained the demurrer to the petition. Under the plaintiff's own construction of the written assignment of the "option-contract," while the contract provided for the payment to petitioner of the sum of $86,000, it was understood that the said sum was to be paid by first paying over to R. C. Neely $70,000 on account of the purchase-price for the lands referred to in the option and an amount sufficient to cover the expenses incurred by him in improving these lands. This statement in the plaintiff's pleadings, so far as it admits that the payments should be made to Neely, will be taken as true as against the plaintiff in passing upon this demurrer. But the allegation that, under the terms of the written assignment, only $6,000 was to be paid to Neely on account of expenses and $10,000 was to be paid to plaintiff (a construction of the writing favorable to the pleader himself) can not be accepted unless it is borne out by the terms of the writing which was being construed

by the pleader. Construing the assignment of the option in connection with the paper assigned, it is manifest that the holder of the option, in order to avail himself of its terms, had to pay, before the expiration of the time limit fixed in the option, the purchase-price of the lands, $70,000, "and such additional sum as will cover all expenses which may be incurred by said Neely" (the giver of the option) "in improving said place." There was no undertaking of guaranty, under the terms of the assignment, by Comer that the expenses should not amount to more than $6,000, and nothing to bind him on his part to refuse to meet the demands of Neely for expenses incurred in improving the land in excess of $6,000. It appears from the date of the assignment, and the limit as to time within which the option should expire, that it was necessary for Comer to act within ten days after he became the holder of the option, in order to secure title to the lands under that option; and it was necessary that he should pay, in addition to the $70,000 for the purchase-money of the lands, "all expenses" which had been incurred by Neely in improving the lands; and it is not alleged in the petition that the difference between $70,000 and $86,000 had not been expended by Neely in improvements. There was no limitation in the option put upon Neely as to the extent or character of the improvements which he might place upon the lands; and if he incurred an expense of $16,000 in placing improvements there, he was entitled to a repayment of this, together with the $70,000, before he would be bound by the option. And these amounts had to be paid by October 10, 1905. We have said that there is no allegation in the petition showing that Neely had not placed improvements costing as much as $16,000 upon the land. In saying this we have not overlooked the allegation in the petition that "Neely had no legitimate claim, under the contract hereinbefore referred to, to be paid on account of expenses in improving the realty, more than six thousand dollars." That allegation does not amount to a positive denial that Neely had incurred an expense of $16,000 in making improvements on the land It might have been intended for such a denial, or it might have been intended to be the basis of a contention upon the part of the plaintiff that the improvements were not of such character as would entitle Neely to claim reimbursement for the expenses incurred in making them. When Comer became the holder of the option he

was confronted with the necessity of complying with its terms within ten days, or of abandoning any advantage that he might have under its terms: He therefore paid the $70,000, the original purchase-price of the plantation, and $16,000 for improvements, according to the claims of the defendant as alleged in the petition (construing the expression "practically all" to amount to "all," as against the pleader); which claim of the defendant, that he had paid all of the $16,000, is not negatived by any positive averment in the petition. Under the terms of the written instrument called the contract of assignment in the pleadings, the defendant would not become indebted to the plaintiff in any sum until the delivery to the defendant, Comer, of a warranty deed from Neely, conveying to Comer a clear and unencumbered title to the property, and such a deed Comer could obtain, under the option, only by payment, in addition to the sum of $70,000, of a sum equal to the amount of the expenses incurred by Neely in making improvements upon the place; and no liability of Comer to the plaintiff is shown by the petition, in the absence of a distinct allegation that the expenses incurred by Neely in making improvements upon the lands purchased were less than $16,000, or that Comer had not been compelled to pay as much as the $16,000 in addition to the purchase-price of the lands in order to secure a conveyance from Neely in accordance with the option. In the absence of such affirmative allegation of a payment by Comer to Neely of a less sum than $16,000 for improvements, or that the improvements placed upon the lands cost Neely less than $16,000, the petition did not state a case against the defendant, entitling the petitioner to maintain a suit for a breach of the contract or for an accounting.

*Judgment affirmed. All the Justices concur.*